### State ex rel. Riggs v. Elijah Lee Jaquis.

1. Failure to file Statement of Expenses—Right to Office.

Section 3981, Rev. Stat., 43 O. L., 48, providing, in effect, that if a person elected or appointed to the board of education shall fail to qualify for the office within the period of ten days after the annual organization of the board or after his appointment, a vacancy occurs, involves and implies the converse. Therefore a person elected to such office has ten days after the annual organization in which to qualify, which includes the filing of his certificate of election with the clerk of the board. Thus a person elected on April 2 who qualifies and files such certificate within ten days after the annual organization of the board on the third Monday in April, is entitled to hold the office; and his right thereto is not affected by a failure to file statements of expenses within ten days after nomination and election respectively.

2. Such Failure not Within Sec. 7 of Said Act.

A failure to file the statements of expenses of nomination and election, required by the Garfield law, sec. 3022-5, Rev. Stat., though a penalty is attached, is not within the provisions of sec. 7 of said act, which provides, among other things, that when it shall be made to appear in an action instituted against an officer to deprive him of his office that he has committed one of certain specified offenses, "or that any other acts declared unlawful or made punishable by law of this state, were committed by such officer, his agent or agents, or with his or their consent or connivance * * * to secure or promote his nomination or election" such person may be depived of his office: The act complained of must not only be unlawful but it must be done with intent to secure or promote his nomination or election, and a failure to file the certificate referred to is not within that class of offenses.

3. Courts Cannot Add to Statutory Penalties.

The statute having pointed out the specified offenses on account of which one may forfeit his office, a court is not authorized to add other causes and declare that for such acts or omissions one may forfeit or be deprived of his office. Therefore, the Garfield law requiring statements of nomination and election expenses to be filed within ten days, contains no express provision that one who fails to comply therewith shall forfeit his office, a court has no power to so declare.

Quo Warranto.

Parker, J.

The relator avers in his petition that at the annual election held in Lucas county, Ohio, on April 2, 1900, for the election among other officers, of a member of the board of education for district No. 2, village of Maumee, in Waynesfield township, Lucas county, Ohio, he was duly elected for the term of three years, beginning with the third Monday in April, 1900, and that he was duly qualified and is lawfully entitled to exercise the powers and duties of the office for that term, but that the defendant, Elijah Lee Jaquis, has usurped and unlawfully holds and exercises said office and excludes the relator therefrom. Wherefore he prays that Jaquis may be ousted and he may be adjudged entitled to said office.

It stands unquestioned upon the evidence that Riggs was elected, having received a majority of votes cast for said office at said election. Some question is made as to whether the election was held upon the right day; whether it is not a special village district in which the election was not required to be held on another day; but we have concluded,—as announced

upon the hearing—that in this controversy between these parties respectively claiming the office, we will not consider that question, it appearing that this has been regarded as a village school district for a great many years, and that all the present membership of the board have been elected under the law providing for the election of members of boards of education of village school districts. What we might do, if a proceeding were instituted on behalf of the public by the proper public authorities, to question on that ground the right of any of these members of the board of education to exercise their office, we need not say, but, as between these individuals, we do not feel that we would be justified in giving that question consideration.

The defendant claims a right to the office because he was elected thereto some three years ago, and is the member of the board that Riggs was elected to succeed; he claims the right to occupy the office and hold over until his successor is duly elected and qualified, and says that Riggs has not been duly elected and qualified and is not entitled to the office because he has failed to file certain statements of expenses in procuring his nomination and election to the office.

What is known as the Garfield law, or the corrupt practices act, requires, among other things, that a person nominated to any office created by the constitution or laws of this state to be filled by popular election (and this we find is an office under the laws of the state to be filled by popular election), shall, within ten days after his nomination, file certain statements, under oath, of all his expenses which he has sustained in procuring the nomination, and such statement shall set forth in detail each and all sums of money and other things of value, contributed, disbursed, expended or promised by him, and (to the best of his knowledge and belief) by any other person or persons with his procurement in his behalf wholly or in part endeavoring to secure or in any way in connection with his nomination to such office or place; in the statute the form which is to be observed in making this statement is given. And there is also a like provision with respect to the expenses incident to the election.

These statements are to be made out in writing and filed with the clerk of the county in which the candidate resides, and a duplicate thereof with the board, officer or officers if any, empowered by law to issue the certificate of election to such office or place. The provisions with respect to the nomination and election are substantially alike. Section 5 of this act (sec. 3022-5, Rev. Stat., provides that any person failing to comply with the provisions of the third section (which is in regard to the nomination expenses), or with the provisions of the fourth section (which is in regard to the election expenses) of this act, shall be liable to a fine not exceeding one thousand dollars, to be recovered with costs, in an action brought in the name of the state by the attorney general or by the prosecuting attorney of the county of the candidate's residence, the amount of said fine to be fixed within such limits by the jury, and to be paid into the school fund of said county.

It appears that Riggs made out such statments and filed them, but it is said that he did not file them within ten days after the nomination and election respectively, and that therefore he has forfeited his right to the office. The nomination was made upon March 15. The ten days within which he should have filed his expense account with respect to such nomination expired on March 25. The relator testifies, and about this he is not contradicted, that he made out statements of his nomina-

State ex rel. v. Jaquis.

tion expenses some four or five days before the expiration of this ten days, perhaps along about March 20 ; that he turned the papers over to a notary public, before whom he made the oath required by the statute, and desired and directed such notary to file them where the law required them to be filed. The date appearing upon this account is March 27, two days after the expiration of ten days. The same date appears upon the certificate of the notary public to the affidavit, and Mr. Riggs testifies that these dates were not placed there by himself, and that he has no knowledge of their being placed there, the papers having no dates upon them when he made oath thereto, and that they were not certified to or dated by the notary public in his presence. As to when the papers were actually filed he had no knowledge.

Whether such paper is required to be filed with the clerk of the board of education we do not find it necessary to inquire. The statement which was filed with the county clerk has upon it a very indistinct mark made by the filing stamp. One witness testified that that mark indicates March 25 ; but the court, upon careful inspection, is unable to determine the date when that was filed, but from the circumstances, including the date appearing upon the account itself and the date affixed to the certificate of the notary public, we conclude it was not filed before March 27. It appears that the nomination paper filed with the clerk of the board of education was filed March 27, 1900. The certificate of filing upon its back shows that.

The election was held on April 2, so that the statements of election expenses were due to be filed upon April 12. It is unquestioned that such statement was filed with the county clerk upon April 12. A copy of such statement was mailed at the city of Toledo in an envelope addressed to Walter Richardson, village clerk, at Maumee, Ohio. From the marks upon the envelope, it appears that it was mailed on April 12, at 7 o'clock P. M. ; that it reached the village of Maumee at 8 o'clock A. M. on the 13th, and Mr. Richardson endorsed upon the back of the envelope: "Received 4—13, 1900," which he says means April 13, 1900; and on the afternoon of that day he caused the paper to be handed, or in some way put into the custody of the clerk of the board of education, who testifies that that was the first time he had it in his possession. It thus appears that a statement of the expenses incident to his nomination was not filed within ten days of the time of the nomination, with either officer, and that a statement with respect to the expenses incident to the election was not filed with the clerk of the village board of education until after the expiration of ten days succeeding the election.

Now the question arises whether the failure to file such statement within ten days of the nomination and election respectively defeats the relator's right to the office? As I have before pointed out, sec. 5 of this act authorizes the imposition of a penalty by way of a fine upon one who does not file the statement within the time required; but there is no express provision in the statute that one who fails to file such statement shall forfeit his office. It was said in argument that since it is provided in sec. 7 that one becomes subject to removal from office if he fails to file these statements at the time provided, the court will not confirm his title to an office that by another proceeding he could be deprived of. But counsel are mistaken in their view of the effect of the provisions of sec. 7 (sec. 322-7, Rev. Stat.). That section does not provide that a failure to file such statements shall work a forfeiture or defeat

the right to the office or afford a ground for a proceeding to oust one who has been duly elected. It provides, among other things, that when it shall be made to appear in an action instituted against an officer to deprive him of his office that he has committed one of certain specified offenses " or that any other act or acts declared unlawful or made punishable by any law of this state were committed by such officer, or by his agent or agents, or with his or their consent or connivance by some committee or organization, or political party of which party he was the nominee, or the agent or agents of any such committee, organization or party, with intent to secure or promote his nomination or election," he may be removed from his office.

Now the provision that it shall be done with intent to secure or promote his nomination or election applies to and qualifies the whole clause providing that when he violates some penal law of the state he shall be liable to removal from office. If, for instance, he were guilty of an assault and battery, or of some offense that has no relation whatever to the duties of his office, or to the means by which he procured his office, he would not forfeit his office because of such offense. The act must not only be unlawful but it must be done with intent to secure or promote his nomination or election.

It cannot be said that the failure to file either of these statements within ten days as provided by law, was the commission of an act with intent to forward or promote his nomination or election. It is hardly the commission of an act, it is rather the omission of an act; but if it be the commission of an act, it cannot be said to be an act to procure his nomination or election, because the nomination and election had been previously accomplished. So we hold that the provision that proceedings may be instituted against a party charged with violation of this law for the purpose of having him ousted from office has no application to a case like this.

But it is said that since sec. 6 (3022-6, Rev. Stat.,) provides that " No board, officer or officers authorized by law to issue commissions or certificates of election, shall issue a commission or certificate of election to any person required by the third or fourth section * * * hereof to file a statement or statements until such statement or statements shall have been so made, verified and filed by such person with such board, officer or officers," and that since the candidate is required to file such statements within ten days and cannot lawfully file them after the expiration of ten days, therefore he cannot perfect his title to and has forfeited the office. But forfeitures of rights are not favored by the law. This statute points out the specific offenses on account of the commission of which one may forfeit his office, and we think the court is not authorized to add other causes, and declare that for such acts or omissions one may forfeit or be deprived of his office. The statute with respect to the organization of the board of education, sec. 3980, provides that the board shall be organized by choosing one of its members president, and by choosing a clerk, etc., on the third Monday of April of each year, except as otherwise provided by statute. Now it appears that upon the third Monday of April the old members of the board met at the usual place, and those who claimed that they had been elected on the first Monday in April were also present, Mr. Riggs among the number, and that he there asked that he might be sworn in as a member of the board of education and then and there claimed his office and the right to exercise its functions; but he was not recognized as a member of the board and was refused the privi-

State ex rel. v. Jaquis.

leges and rights of a member. On April 21, he appeared before a notary public and took an oath of office, which was written, and was signed by him, and this he filed with the clerk of the board of education on April 23. Section 3981, Rev. Stat., (43 O. L., 48), provides that "Vacancies in any board of education, or vacancies in the office of subdidirector of any subdistrict arising from death, non-residence, resignation, expulsion for gross neglect of duty, failure of a person elected or appointed to qualify within ten days after the annual organization or after his appointment, or from any other cause * * *" may be filled in a certain way. Now that statute provides, in effect, that if one shall fail to qualify for the office within that period, a vacancy occurs; and it implies and involves the converse, i. e. that he shall have that period within which to qualify for the place, and a vacancy shall not occur in the meantime. Therefore we hold that one does not relinquish or forfeit his office if he qualifies within this period of ten days succeeding the time provided for the organization of the board of education, and that if the filing of these statements may be held to be a part of his qualification for the office (and that we believe is the correct view of it) he may file his statements at any time within ten days after the time fixed by law for the annual organization of the board. And Riggs having qualified by filing his statement under the Garfield act and by taking the oath of office before a notary and having appeared before the board and asked that he might be recognized as a member, and having signified that he was ready and willing to enter upon the performance of his duties as an officer, all before the expiration of this time, we hold that he has not relinquished or forfeited his office.

It is unnecessary to enquire into the title of the defendant to the office. As he claims and has no greater right here than the right to hold over until his successor shall have been duly elected and qualified, and as his successor has been duly elected and qualified, it follows that defendant has no right to hold the office. Therefore the judgment of the court will be that the defendant shall be ousted, and the plaintiff will be confirmed in his right to the office, and judgment will be entered against the defendant for costs.

*J. M. Ormund, A. W. Eckert* and *L. M. Murphy*, for the plaintiff.
*O'Donnell O'Brien*, for the defendant.